IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **JEREMIAH D. PONDER,** : | |
| : | |
| **Plaintiff,** : | |
| VS. : | NO. 5:23-cv-00284-MTT-MSH |
| : | |
| **GEORGIA BLOODSAW,** *et al.*, : | |
| : | |
| **Defendants.** : | |
| _____ : | |

## ORDER

Pending before the Court is Plaintiff Jeremiah D. Ponder's objection to this Court's November 8, 2023, order of dismissal. Obj./Response, ECF No. 7. This objection is construed as a motion for reconsideration. Motions for reconsideration, however, are not to "be filed as a matter of routine practice." M.D. Ga. Local R. 7.6. Instead, reconsideration is only appropriate when "(1) there has been an intervening change in the law; (2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or (3) the court made a clear error of law." *Fla. Found. Seed Producers, Inc. v. Ga. Farms Servs., Inc.*, 977 F. Supp. 2d 1336 (M.D. Ga. 2013).

Plaintiff's complaint was dismissed pursuant to 28 U.S.C. § 1915(g) because Plaintiff has accrued three strikes and his complaint did not allege facts to show that he was in imminent danger of serious physical injury. *See* Order of Dismissal, ECF No. 5. In his objection, Plaintiff first raises an issue relating to providing transcripts to indigent parties. Obj./Response 1, ECF No. 7. This assertion does not relate to the basis for the dismissal of Plaintiff's complaint, and thus, does not provide a basis for reconsideration.

Plaintiff next asserts that he is challenging the dismissal under the three-strikes provision based on *Coleman v. Tollefson*, 575 U.S. 532 (2015).  Obj./Response 1, ECF No. 7.  In *Coleman*, the United States Supreme Court held that a dismissal based on an enumerated ground counts as a strike, even if that dismissal is pending on appeal at the time that the complaint is filed.  *See Coleman*, 575 U.S. at 536-40.  Nothing in *Coleman* suggests that the dismissal was improper, nor does it show an intervening change in the law, new evidence, or clear error necessary for reconsideration of the dismissal in this case.

Plaintiff goes on to cite a number of cases and statutes.  Obj./Response 2, ECF No. 7.  Although it is not entirely clear, it appears that Plaintiff may be asserting that these citations show that his previous cases should not have been dismissed on grounds that count as strikes.  Those cases, however, are closed, and Plaintiff cannot challenge the grounds for dismissal of his closed cases in this case.

Finally, Plaintiff lists some of his previous cases and asserts that he is providing them in objection to the dismissal for failure to disclose his litigation history.  This disclosure does not show any change in the law, new evidence, or clear error to warrant reconsideration in this case.  Accordingly, Plaintiff's motion for reconsideration (ECF No. 7) is now **DENIED**.

**SO ORDERED**, this 5th day of December, 2023.

S/ Marc T. Treadwell  
MARC T. TREADWELL, CHIEF JUDGE  
UNITED STATES DISTRICT COURT